JOSEPHINE JOHNSON, Respondent, *v.* MAY F. GUERNSEY and Another, as Administratrices, etc., of JARED B. FLISHER, Deceased, and Another, Defendants, Impleaded with LEONORA V. FLISHER, Appellant.

Fourth Department, March 28, 1924.

Pleadings — action to set aside trust created by plaintiff for her benefit during life with remainder over — action is based on fraud of trustee in procuring execution of trust instrument — one of remaindermen died before action was commenced — plaintiff was directed to bring in heirs and personal representatives of deceased remainderman — amended complaint does not show that appellant is heir and does not bring in representatives or state non-existence — appellant's motion for judgment should have been granted — objection that action was not brought in time is without merit.

In an action to set aside a trust agreement made by the plaintiff for her own benefit during life with remainder over to her daughters, which action is based on the alleged fraud of the trustee in procuring the execution of the trust agreement, and in which the plaintiff was directed to bring in the heirs and personal representatives of one of the remaindermen who had died before the action was commenced, a motion by the appellant for judgment dismissing the complaint as to her should have been granted, since the amended complaint bringing her in neither alleges that she is the daughter of the deceased remainderman or that she has or claims to have some interest in the property in question as the heir at law or next of kin of the decedent, and since the complaint does not join the personal representatives of said deceased remainderman or allege in lieu thereof that no such party exists. Under the circumstances the complaint does not state facts sufficient to constitute a cause of action against the appellant.

The objection that the action was not commenced within the time limited by law is without merit, for if the trust agreement was obtained by fraud as alleged in the complaint, neither the appellant nor any one else has obtained any interest vested or contingent in the property.

APPEAL by the defendant, Leonora V. Flisher, from an order of the Supreme Court, made at the Erie Special Term and entered

in the office of the clerk of the county of Chautauqua on the 29th day of December, 1923, denying her motion for judgment dismissing the complaint, and granting plaintiff permission to amend the complaint.

*Benjamin S. Dean,* for the appellant.

*Clare A. Pickard,* for the respondent.

PER CURIAM:

The action was brought originally to set aside and declare null and void an agreement in the nature of a trust executed by plaintiff as the creator of the trust and one Jared B. Flisher, as trustee. Plaintiff was to be the beneficiary of the trust during her lifetime. Certain real and personal property was conveyed and assigned to Flisher by separate instruments. In the so-called trust agreement, he acknowledged that said property had come into his possession and control "for the purpose of carrying out the desire" of the plaintiff and agreed to support and maintain the plaintiff from the property during her natural life and then to transfer the entire estate or so much as remains of the proceeds to plaintiff's daughters Dora E. Flisher and Corrinne Johnson, share and share alike.

The plaintiff's complaint in effect alleged that the agreement in question and the conveyances and transfers of property were obtained from her by said Flisher through fraud and without knowledge on her part of the legal effect of the instruments she was induced to sign. When the action was brought Dora Flisher (wife of defendant Flisher) was dead. Her daughter, then eight years old and called Leo Vesta Flisher, was her sole surviving heir at law and next of kin. She was not joined as a party defendant. On an appeal from an interlocutory judgment we held that a complete determination of the controversy could not be had without the presence of other parties, to wit, the personal representatives and heirs of Dora E. Flisher. (206 App. Div. 788.) This was on the theory that said Dora Flisher may have taken a vested or contingent interest in the property in question, if the agreement and conveyances were valid.

The plaintiff has obtained an order directing that Leonora V. Flisher (who is evidently the same person as Leo Vesta Flisher) be brought in as a party defendant to this action and that a supplemental summons issue to her and that the complaint be amended by including as defendant in the title of such action the name of Leonora V. Flisher. The plaintiff has served such a summons and such a complaint, but there is no allegation in the latter to

the effect that Leonora V. Flisher is the same person as Leo Vesta Flisher, the daughter of Dora, or that she has or claims to have some interest vested or contingent in the property in question, as the heir at law or next of kin of Dora. The plaintiff has failed also to join the personal representatives of Dora Flisher as parties defendant or to allege in lieu thereof that no such party exists.

The defendant has moved for judgment by notice and affidavit under the provisions of rules 106 and 107 of the Rules of Civil Practice. The plaintiff came into court with opposing affidavits. The court at Special Term denied defendant's motion but permitted plaintiff to amend without imposing terms, giving as authority for its action, section 283 of the Civil Practice Act.

Defendant's counsel on this appeal presents an ingenious and interesting argument to the effect that the original order bringing in a party having been entered on stipulation, its terms cannot subsequently be changed to permit plaintiff to serve a new pleading. Without discussion of the subject, we think the defendant Leonora having been brought into court, the matter of pleading may be regulated under rules of general application.

The motion for judgment was made on two grounds: *First*, because the complaint did not state facts sufficient to constitute a cause of action against this defendant; and *second*, that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. We think the motion should have been granted on the first ground. As we have stated, her individual relation to the litigation is nowhere stated in the original complaint. We think the second objection without merit. If the trust agreement was obtained by fraud, neither she nor any one else has obtained any interest, vested or contingent, in the property.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to plead over on the usual terms.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to plead over within twenty days upon payment of the costs of the motion and of this appeal.